892 F.2d 79
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arnold GARRETT, Petitioner-Appellant,
v.
Al PARKE, Warden, Respondent-Appellee.
 No. 89-5180.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1989.
 
 Before KEITH and KENNEDY, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Arnold Garrett, a pro se Kentucky prisoner, appeals the district court's order dismissing his habeas corpus petition filed pursuant to 28 U.S.C. § 2254.
 
 
 3
 Following an unsuccessful direct appeal in the state courts, Garrett filed the instant petition alleging that he was denied his rights, under the Federal Constitution, to due process and a fundamentally fair trial by: (1) the admission into evidence, at trial, of approximately 34 photographs of the victim's body and bloody clothing; (2) the admission into evidence of testimony concerning prior bad acts and uncharged crimes allegedly committed by Garrett; and (3) the prosecutor's use, during his closing argument, of improper and prejudicial statements pertaining to religion.
 
 
 4
 After reviewing the magistrate's report and Garrett's objections, the district court adopted the magistrate's recommendations and dismissed the case. Garrett has filed a timely appeal, raising the same issues which were before the district court.
 
 
 5
 Upon review, we conclude that the district court's judgment should be affirmed.
 
 
 6
 The admission of the 33 or 34 photographs and blood-stained clothing of the victim did not deny Garrett's right to due process because they did not deprive him of a fundamentally fair trial. United States v. DeParias, 805 F.2d 1447, 1453-54 (11th Cir.1986), cert. denied, 482 U.S. 916 (1987); Batchelor v. Cupp, 693 F.2d 859, 865 (9th Cir.1982), cert. denied, 463 U.S. 1212 (1983).
 
 
 7
 Further, the trial court committed no error of constitutional magnitude by admitting the testimony concerning Garrett's allegedly prior bad acts. Since the statements were admitted only to prove motive and the trial court gave the jury a cautionary instruction to that extent, the admission of testimony concerning the prior bad acts of Garrett satisfied the criteria for admissibility of evidence of extrinsic acts. See United States v. Zelinka, 862 F.2d 92, 98 (6th Cir.1988).
 
 
 8
 In addition, if the admission of the statement by Garrett's codefendant that [Garrett] "is a mean fellow," is error, it is merely harmless error. The statement was admitted only for purposes of determining the credibility of the codefendant's testimony and the trial court gave an immediate cautionary instruction to the jury concerning the limited purpose for which the testimony could be used. Under these circumstances, given the other substantial evidence upon which the jury could have returned a guilty verdict, we conclude that if the admission of this evidence was error, it was harmless. See United States v. Hasting, 461 U.S. 499, 510-11 (1983).
 
 
 9
 Finally, the references to religion in the prosecutor's closing argument did not infect Garrett's trial with such unfairness as to render his conviction a denial of due process. Darden v. Wainwright, 477 U.S. 168, 181 (1986). Given the other evidence of guilt, there is no possibility that the prosecutor's comments resulted in a miscarriage of justice. See United States v. Brewer, 807 F.2d 895, 898 (11th Cir.), cert. denied, 481 U.S. 1023 (1987).
 
 
 10
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.